

**DEFENDANT'S EXHIBIT**

**D**

Affidavit of Attorney Sarah Reed, Esq. re: United States v. Joshua Puma

My name is Sarah Reed. I am a defense attorney employed by the Office of the Vermont Defender General and work in the Chittenden County Office. I am also the defense attorney on the Chittenden County Treatment Court dockets and have held this position for approximately 12 years.

I am also the person who Joshua Puma punched in open court, leading to his charge and subsequent conviction for simple assault.

In 2019 I requested to be assigned to represent Joshua in a dispute he was having with his neighbors, because I knew Joshua well and suspected from reading the affidavit of probable cause that he was not taking his medications.

Joshua punched me because I would not withdraw my request for a court ordered competency and sanity evaluation. We had discussed this issue many times and I had explained my ethical duties and why I could not withdraw my request. Joshua's aggression signifies to me a symptom of his mental illness and evidence that he was not properly medicated and was not competent.

Prior to 2019, I had represented Joshua when he participated and graduated from Mental Health Court. His behaviors when not medicated are markedly different from when he is properly medicated. During his time in Mental Health Court, I got to know him well. We frequently took walks so that we could talk about how things were going, and I found him to be a thoughtful and inquisitive person who was able to tolerate and regulate his frustrations and receive feedback quite well.

In contrast, when I took his case in 2019, Joshua was not available for conversations about the controversy with his neighbors and it appeared to me that his behaviors were rooted in delusions caused by his mental health.

In the course of my time as a defense attorney I have encountered many severely mentally ill people treated by the department of corrections. I have not found this care satisfactory. Within the last two weeks I had a severely mentally ill client released from custody and learned afterwards that the medication required to stabilize him had been discontinued while incarcerated. To my dismay, instead of being regulated and ready to start participating in Mental Health Court, this client was psychotic and has since absconded from this jurisdiction. This is only one of many anecdotes illustrating the failings of the department of corrections when treating mental illness.

In my 15+ year experience, the department of corrections does not have the expertise or wherewithal to correctly treat individuals suffering from severe mental illness. As a result, these human beings suffering from an illness that they did not ask for, are warehoused, and caged instead of treated. To my mind, this strategy does not further public safety. In fact, from my experience it only creates more risk.

I know from experience working with Joshua that when properly medicated, he is an asset to the community, not a public safety risk. I do believe that he requires hospitalization followed by long term supervision to ensure that he is properly medicated, but I am adamantly opposed to his continued incarceration.

I was very upset to learn that he was convicted for the simple assault against me. As mentioned above, the assault was evidence of his mental illness and inability to communicate with his attorney and should

not have resulted in a conviction. I feel very strongly that our system of mental health and the criminal justice system have failed Joshua. I believe that he should be in the custody of medical providers, not jailors.

_____   5/26/22
Sarah Reed, Esq.,                                Dated

Sworn before me this 26th day of May, 2022

_____
Notary Public
Peter A. Gauthier
# 157.0013373       Exp 1/31/2023