UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | Crim. No.: 5-22:CR-46 |
| JOSH PUMA, ) | |
| Defendant ) | |

GOVERNMENT'S OPPOSITION TO APPEAL OF ORDER OF DETENTION AND MOTION FOR COMPETENCY EVALUATION

The United States of America, by and through its attorney, Nikolas P. Kerest, United States Attorney for the District of Vermont, hereby opposes the defendant's appeal of the U.S. Magistrate Judge's order of detention and requests that the Court enter an order for a competency evaluation in this case. In its order for detention, the Court found by clear and convincing evidence that no conditions could reasonably assure the safety of the community because of the weight of the evidence, Puma's criminal history, Puma's history of using violence and weapons, and his past substance abuse. Doc. 14. Those factors continue to warrant Puma's detention in this matter. The government agrees with the defense, however, that the Court should immediately address Puma's mental health. The government therefore moves this Court to enter an order for a thorough competency evaluation through the U.S. Bureau of Prisons. Once that evaluation can be completed, and if Puma is found competent to stand trial, the Court may use its better understanding of Puma's mental health issues to determine whether it can fashion appropriate conditions of release for Puma.

1. <u>The Court Should Order a Competency Evaluation</u>.

As the defense acknowledges, Puma was recently found incompetent to stand trial by state authorities and ordered into the custody of the Vermont State Hospital for mental health treatment. This state order puts the question of Puma's competency to face the federal proceedings in sharp relief. Before the case proceeds any further, therefore, the government asks the Court to order a competency evaluation for Puma.

18 U.S.C. § 4241 provides that the Court should grant a motion for a competency determination if "there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a). The Court may rely on many factors, including its own observation of the defendant during a hearing, to determine whether "reasonable cause" requiring an evaluation exists. <u>United States v. Arenburg</u>, 605 F.3d 154, 169 (2d Cir. 2010). Where there is reasonable cause to believe the defendant cannot participate in his own defense as required by 18 U.S.C. § 4241(a), the Court should order a hearing to determine competency. <u>Id</u>.

Here, the state's recent finding that Puma was incompetent to stand trial, and Puma's criminal history, which reflects repeated dismissals of criminal charges due to mental health issues, warrant that the Court order a hearing to determine if the defendant is presently able to proceed with the case. Prior to such a hearing, the Court should order that a psychiatric or psychological examination of the defendant be conducted to aid the Court in assessing competency. 18 U.S.C. § 4241(b).  Because "the criminal trial of an incompetent defendant

violates due process," Medina v. California, 505 U.S. 437, 453 (1992), the Court should take steps to ensure Puma is competent before proceeding further in the case.

Because, as the Pretrial Investigation Report reflects, Puma's mental health profile is complex, the Court should order a comprehensive evaluation, available from the mental health experts at the U.S. Bureau of Prisons. By allowing the U.S. Bureau of Prisons to conduct the competency evaluation, the Court may ensure Puma's evaluators have an adequate opportunity to investigate and understand his present mental health afflictions. Only once his competency is determined can the case proceed.

### 2. The Court Should Defer Consideration of Any Motion for Release Until a Competency Evaluation is Completed.

In his appeal of the detention order in this case, Puma acknowledges his mental health issues are so severe as to have warranted a finding of incompetency in a state proceeding and an order for his treatment at the Vermont State Hospital for a period of 90 days. Surprisingly, however, Puma concludes from this finding that he should be released from federal custody. While the Court should not address the motion for release unless and until Puma is deemed competent to proceed in the federal matter, if the Court reached the question of release, it should uphold the existing order of detention. As the U.S. Magistrate Court found, Puma presently presents a high risk of danger to the community because of his criminal history, his history of using violence and weapons, and his past substance abuse. Doc. 14.  Further, the Court found the evidence that Puma made the threats alleged in this case—threats explicit in their promises to hurt specified individuals *upon Puma's release from custody*—to be strong. Even if the Court were to reach the question of detention, without a thorough evaluation of Puma's mental health,

including a determination he is competent to proceed in this case and by implication that he has the ability make rational decisions if released into the community, the Court should not grant his motion to reconsider the detention order at this time.

3. Conclusion

For the reasons set forth above, and based upon the information included in the pretrial services report, the Court should order that the U.S. Bureau of Prisons provide a competency evaluation for Puma and should either decline to reach or deny the appeal of the order of detention at this time.

Dated at Burlington, Vermont, this 2nd day of June, 2022.

                    UNITED STATES OF AMERICA

                    NIKOLAS P. KEREST
                    United States Attorney

By:    *s/ Eugenia Cowles*
        EUGENIA COWLES
        Assistant U.S. Attorney
        P.O. Box 570
        Burlington VT 05402-0570
        (802) 951-6725